**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| TOPASHAW FARMS PROCESSING, LLC d/b/a TOPASHAW FARMS PACKING, MS, *et al.*, | CASE NO. 1:17CV00552 |
| Plaintiff, | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| v. | |
| FOREST CITY-WEINGART PRODUCE CO., INC., ANDREW J. WEINGART, and JAMES B. WEINGART, | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

This matter is before the Court on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1(a). Currently pending is Farm-Wey Produce, Inc.'s Motion for Leave to Intervene and File PACA Proof of Claim Out of Time. (Doc. No. 93.) For the following reasons, Farm-Wey Produce's Motion is GRANTED.

**I.    Procedural Background**

On March 16, 2017, Plaintiff Topashaw Farms Processing, LLC (hereinafter "Topashaw") filed this action against Defendants Forest-City Weingart Produce Co., Inc., Andrew Weingart, and James Weingart. (Doc. No. 1). Among other things, the Complaint asserts various claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C.

1

§§ 499a - 499t, based on Defendant Forest-City's alleged failure to pay Topashaw for approximately $200,000 in produce Topashaw sold to Forest-City between September 2014 and January 2017. (*Id.*) In particular, Topashaw seeks to enforce payment from Defendant Forest-City from the statutory trust imposed under PACA.[1]

On September 21, 2017, the Court entered its final approval (Doc. No. 35) of a Consent Injunction and Agreed Order (hereinafter "Agreed Order") establishing a PACA trust fund and claims procedure in order to "provide a procedural framework to review, qualify, verify, and satisfy any and all claims against the PACA Trust Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust and to ensure the rights of all potential PACA claimants are efficiently addressed in a single proceeding." (Doc. No. 22 at 3.) In particular, the Agreed Order set deadlines for creditors to file PACA Proofs of Claim, Complaints in Intervention, Objections to Claims, Responses to Objections, etc. (Doc. No. 22.)

Of particular relevance herein, the Agreed Order provides a deadline of October 11, 2017

---

[1] As the Sixth Circuit has explained: "PACA provides a comprehensive regulatory scheme for the sale of produce in interstate commerce. 'Under the Act, when a seller, dealer, or supplier ships produce to a buyer, a statutory trust is created upon acceptance of the commodities.' *Golman–Hayden Co. v. Fresh Source Produce, Inc*., 217 F.3d 348, 350 (5th Cir. 2000); *see also* 7 U.S.C. §§ 499a–499t. The trust protects sellers against buyers' financing arrangements by giving sellers priority over secured creditors. To invoke the Act's protection, sellers must provide buyers written notice of their intention to preserve trust rights. 7 C.F.R § 46.46(f)(1); *Overton Distribs., Inc. v. Heritage Bank*, 340 F.3d 361, 365 (6th Cir. 2003). In 1995, Congress amended the Act, allowing sellers to meet this notice requirement by including the appropriate statutory language on 'ordinary and usual billing or invoice statements.' 7 U.S.C. § 499e(c)(4); 7 C.F.R § 46.46(f)(3); *see also Overton*, 340 F.3d at 365." *Six L's Packing Co., Inc. v. Beale*, 524 Fed. Appx. 148, 152 (6th Cir. April 8, 2013).

for creditors to file PACA Proofs of Claim and Complaints in Intervention.[2] (*Id.* at ¶ 24.) The Agreed Order expressly states as follows:

> **27. ANY SUPPLIER OR CREDITOR WHO FAILS TO TIMELY FILE A PACA PROOF OF CLAIM WITH THE COURT SHALL BE FOREVER BARRED FROM ASSERTING ANY CLAIM UNDER PACA AGAINST THE COMPANY, THE PACA TRUST ASSETS, OTHER PACA CLAIMANTS, THE DEFENDANTS, OR ANY OTHER THIRD PARTY.**

(Doc. No. 22 at ¶ 27.)

A number of creditors filed Complaints in Intervention and/or PACA Proofs of Claim prior to or on the October 11, 2017 deadline. (Doc. Nos. 17, 29, 41, 42, 44, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 61, 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77.) Objections to PACA Claims were due by November 13, 2017. (Doc. No. 22 at ¶ 24.) The record reflects various Objections were filed by both Topashaw and Defendants. (Doc. Nos. 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91.) Under the Agreed Order, Responses to Claims Objections are due no later than December 13, 2017. (Doc. No. 22 at ¶ 24.)

On November 27, 2017,[3] Farm Wey-Produce filed a Motion for Leave to Intervene and File PACA Proof of Claim Out of Time. (Doc. No. 93.) Defendants filed a Brief in Opposition on December 5, 2017, to which Farm-Wey replied. (Doc. Nos. 94, 97.)

---

[2] Specifically, the Agreed Order provided as follows: "Each creditor of the Company alleging rights to the PACA Trust Assets, shall file with the Clerk of Court for this District, and the undersigned Counsel, on or before the Proof of Claim deadline, a PACA Proof of Claim in the form attached to this Order as Exhibit C, together with any and all documents supporting its claim, on or before October 11, 2017." (*Id.* at ¶ 25.)

[3] The docket reflects Farm-Wey attempted to file its Motion on November 22, 2017. (Doc. No. 92.) However, this filing was marked a "Filing Error" and Farm-Wey's counsel refiled the motion on November 27, 2017. (Doc. No. 93.)

3

**II.    Analysis**

In its motion, Farm-Wey seeks leave to intervene as a matter of right under Fed. R. Civ. P. 24(a).  That Rule provides:

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The Sixth Circuit has interpreted the above Rule to require an applicant to show the following:  (1) the application was timely filed; (2) the applicant has a substantial legal interest in the case; (3) the applicant's ability to protect that interest will be impaired in the absence of intervention; and (4) the existing parties will not adequately represent the applicant's interest.  *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).  *See also Atlas Noble, LLC v. Krizman Enterprises*, 692 Fed. Appx. 256, 268 (6th Cir. May 23, 2017); *Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 489 (6th Cir. March 18, 2014).  "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule."  *Blount-Hill*, 636 F.3d at 283.  *See also Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (stating that "failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied."); *Davis*, 560 Fed. Appx. at 489.

In considering whether a proposed intervenor satisfies the above four-part test, "the factual circumstances considered under Rule 24(a) should be 'broadly construed in favor of potential intervenors.'"  *Davis*, 560 Fed. Appx. at 489-490 (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).  "[C]lose cases should be resolved in favor of recognizing an interest under Rule 24(a)."  *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999).  *See also*

*Davis*, 560 Fed. Appx. at 490.

The Court will address each of these elements in turn.

### A. Timeliness

In evaluating the timeliness of an application for intervention of right, courts consider the following five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. City of Detroit*, 712 F.3d 925, 930-931 (6th Cir. 2013). *See also Blount-Hill*, 636 F.3d at 284; *Grubb*, 870 F.2d at 345–46; *Davis*, 560 Fed. Appx. at 490. The Sixth Circuit "has consistently looked to the totality of the circumstances to determine timeliness." *Davis*, 560 Fed. Appx. at 490. *See also Stupak–Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) (stating "the absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important circumstances."). The issue of timeliness under Rule 24(a) is "a matter within the sound discretion of the court." *City of Detroit*, 712 F.3d at 930.

Here, Farm-Wey acknowledges it missed the Agreed Order's October 11, 2017 deadline for filing Complaints in Intervention and PACA Proofs of Claim, but argues the Court should nevertheless find its application timely under Rule 24(a) for the following reasons. In an affidavit attached to the Motion, Farm-Wey employee Garrett Hill[4] avers that, in June 2017,

---

[4] Mr. Hill avers that he has been employed by Farm-Wey as a sales representative for the past two years and "was the primary person charged with trying to collect payment from Forest City-Weingart Produce Co., Inc., for the unpaid invoices and with filing the PACA

5

Farm-Wey filed a formal administrative complaint with the United States Department of Agriculture ("USDA") seeking to collect from Forest-City approximately $45,000 in unpaid invoices for the purchase of fresh produce. (Doc. No. 93-1 at ¶ 5.) Mr. Hill states that, "sometime around the beginning of August 2017," he recieved a "packet" in the mail containing information regarding the instant lawsuit. (*Id*. at ¶ 7.) Mr. Hill states he was "confused by the letter and legal documents because [he] believed we had already filed a PACA claim." (*Id.* at ¶ 8.) He called the USDA and was advised his complaint was still being processed. (*Id.* at ¶ ¶ 8, 9.) As a result, Mr. Hill "felt assured that Farm-Wey was covered by its formal complaint filed with the USDA and did not need to file in the District Court as well." (*Id*. at ¶ 10.) Later that month, the USDA apparently sent a letter to Mr. Hill informing him USDA proceedings had been stayed pending the outcome of the instant lawsuit. (*Id*. at ¶ 13.) Mr. Hill (who was out of town at the time) avers he never received or saw the letter. (*Id.* at ¶¶ 13, 14.)

On October 25, 2017, Mr. Hill called the USDA for an update and, for the first time, learned of the stay of administrative proceedings. (*Id.* at ¶ 12, 13.) Mr. Hill states he immediately contacted an attorney. (*Id*. at ¶ 15.) Due to difficulties obtaining a certificate of good standing and delays in the approval of counsel's Motion for *Pro Hac Vice*, Farm-Wey's Motion for Leave to Intervene and File PACA Proof of Claim was not filed until November 21, 2017. (Doc. No. 93-2.) That filing was marked as a Filing Error, and Farm Wey did not refile properly until November 27, 2017. (Doc. No. 93.)

Farm Wey argues intervention should be permitted because it is still relatively early in the case, noting "the PACA claims that have been filed thus far have not yet been validated and

---

administrative complaint against Forest-City." (Doc. No. 93-1 at ¶¶ 2, 4.)

6

no trust funds have been disbursed." (Doc. No. 93 at 6.) Farm Wey claims it will be prejudiced if not permitted to intervene because this action is the only mechanism through which it can receive redress for its loss under PACA. Finally, and acknowledging its PACA Claim is untimely, Farm Wey argues it acted in good faith and asks the Court to find "excusable neglect" under Rule 6(b)(1)(B) and allow it to intervene.

In their Brief in Opposition, Defendants assert Farm-Wey's motion is clearly untimely under the Agreed Order and should be denied on that basis. (Doc. No. 94.) They argue "[b]ecause Farm-Wey had actual knowledge of the Consent Entry in sufficient time to act in accordance with it, and failed to do so, its untimely request to intervene and file a claim herein must be denied." (*Id*. at 2.) Defendants also argue Farm-Wey's delay was not the product of excusable neglect because Farm Wey failed to act prudently with the information it had and by not contacting counsel sooner. (*Id*. at 5.) Moreover, Defendants argue the other claimants would be adversely affected by allowing untimely intervention because it would "dilute the PACA Trust Assets." (*Id*. at 6.) In sum, Defendants maintain "[a]llowing Farm-Wey to intervene when its application was not timely, when intervention would negatively impact the claimants who did file timely claims, and given that the ability to participate was solely within Farm-Wey's exclusive control, and it simply failed to act, necessitates denial of the Motion." (*Id*.)

Balancing the five factors set forth above, the Court finds Farm-Wey's application to intervene is timely for purposes of Rule 24(a). The Court first considers "the point to which the suit has progressed." *See City of Detroit*, 712 F.3d at 930-931; *Blount-Hill*, 636 F.3d at 284. Although Farm-Wey failed to meet the Agreed Order's October 11, 2017 deadline for filing

7

Complaints in Intervention and PACA Proofs of Claim, the instant lawsuit is still in a relatively early stage. Objections to PACA Claims were filed just last month, and replies were only recently submitted this week. The Court has not yet evaluated the validity of either the Claims or Objections, nor have any trust funds been disbursed. Thus, the Court finds consideration of the first factor weighs in favor of finding Farm-Wey's motion "timely."

With regard to the second factor (i.e., "the purpose for which intervention is sought"), Farm-Wey has attached to its Motion a copy of its proposed PACA Proof of Claim and supporting invoices. (Doc. Nos. 93-10 through 93-11.) In these filings, Farm-Wey alleges it holds a PACA license and sold perishable agricultural commodities to Defendant Forest-City, for which it has not been paid. (*Id*.) Farm-Wey further alleges it preserved its PACA trust interest against Defendant Forest-City and states "the current and total amount past due and unpaid from [Forest-City] totals $45,096.96, of which $45,096.96 qualifies for PACA trust protection." (*Id.*) In sum, Farm-Wey seeks the same relief as the other Plaintiffs in this action; i.e., to protect and preserve its rights under PACA with respect to Defendant Forest-City. The Court finds consideration of this factor weighs heavily in favor of finding Farm-Wey's motion "timely."

The third factor considers "the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case." *City of Detroit*, 712 F.3d at 930-931; *Blount-Hill*, 636 F.3d at 284. With regard to this factor, the Sixth Circuit has explained that "'[a] party must have been aware of the risk that his interest may be affected by the litigation, and that its interest may not be fully protected by the existing litigants.'" *Davis*, 560 Fed. Appx. at 492 (quoting *Stotts v. Memphis Fire Dep't*, 679 F.2d 579,

583 (6th Cir.1982)). Actual notice is not required, and constructive notice of an interest in a case may be implied from a variety of circumstances. *Id.*

Defendant asserts this factor weighs against intervention because Farm-Wey acknowledges it received notice of the instant lawsuit in August 2017 but nevertheless failed to timely intervene or file its Proof of Claim until November 27, 2017. The Court disagrees. As an initial matter, the Court notes the delay here is not substantial. As noted above, the Agreed Order required PACA Proofs of Claim to be filed by October 11, 2017. Farm-Wey's Motion for Leave to Intervene and File PACA Proof of Claim was filed November 27, 2017, just over six weeks later. Moreover, Farm-Wey's counsel avers she served "all counsel of record with a copy of Farm-Wey's PACA Claim" on November 10, 2017. (Doc. No. 93-2 at ¶ 10.) Thus, the length of Farm-Wey's delay is not significant and does not, standing alone, weigh against a finding of timeliness.

Moreover, Farm-Wey has provided a reasonable explanation for the delay. As set forth above, Farm-Wey's representative, Mr. Hill, submitted an affidavit in which he explains Farm-Wey filed an administrative claim against Defendant Forest-City with the USDA in June 2017 and was, therefore, confused by the information packet he received about the instant lawsuit. (Doc. No. 93-1.) Upon receiving this information, Mr. Hill states he promptly called the USDA, and was reassured his administrative complaint was being processed. (*Id.*) Based on this telephone call, he believed Farm-Wey's interests were protected. (*Id.*) Mr. Hill claims he did not realize administrative proceedings had been stayed pending the outcome of the instant case until he was spoke with the USDA on October 25, 2017. (*Id.*) Mr. Hill then immediately retained counsel, who promptly took steps to prepare and file Farm-Wey's Motion for Leave in

9

this Court. (Doc. Nos. 93-1, 93-2.)

Based on the above, Farm-Wey asserts its delay in filing its Complaint in Intervention and PACA Proof of Claim constitutes "excusable neglect" under Fed. R. Civ. P. 6(b). That Rule provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: * * * (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of whether a party's failure to act in a timely fashion was because of "excusable neglect" under Rule 6(b) is a matter that falls within the trial court's discretion. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). In determining whether a party's omission constitutes excusable neglect, courts must balance the following factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., P'ship*, 507 U.S. 380, 395 (1993)). *See also Akron Board of Education v. Wallace*, 2017 WL 5626395 at * 1 (N.D. Ohio Nov. 22, 2017).

Balancing the above factors, the Court finds Farm-Wey's delay in filing its Complaint in Intervention and PACA Proof of Claim constitutes "excusable neglect." Mr. Hill's affidavit adequately explains the reasons for the delay and demonstrates Farm-Wey acted in good faith. Moreover, as noted above, the length of the delay was not substantial and will not have a significant impact on the course of these proceedings. The Court further finds little prejudice to Defendants resulting from Farm-Wey's delay, given the procedural posture of the case and the relatively short delay. Federal courts have found excusable neglect under Fed. R. Civ. P. 6(b)

and allowed untimely PACA creditors to intervene under similar circumstances. *See e.g., Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc*., 2010 WL 457474 at *3 (E.D. California Feb. 3, 2010); *Produce Alliance, LLC v. Fresh America Corp*., 2003 WL 21554513 (N.D. Tex. July 8, 2003). Thus, the Court finds this factor does not weigh against a finding of timeliness for purposes of Rule 24(a).

The fourth factor in evaluating the timeliness of Farm-Wey's motion considers "the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case." *City of Detroit*, 712 F.3d at 930-931; *Blount-Hill*, 636 F.3d at 284. The Sixth Circuit has explained this factor, as follows:

> "The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties in the case." Wright *et al., supra*, § 1916. **The only prejudice relevant to the timeliness determination is incremental prejudice from a would-be intervenor's delay in intervening, not prejudice from the intervention in and of itself.** *See Stotts*, 679 F.2d at 584; *see also Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir.1977) (relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case).

*Davis*, 560 Fed. Appx. at 493 (emphasis added).

The Court finds little, if any, prejudice to the original parties due to Farm-Wey's failure to promptly intervene. As has been noted, the instant lawsuit is still in a relatively early stage. The Court has not yet evaluated the validity of either the Claims or Objections, nor have any trust funds been disbursed. While the Court will need to adjust the remaining deadlines slightly to allow the parties to file Objections to Farm-Wey's PACA Proof of Claim and Farm-Wey to respond, this will not result in a significant delay in these proceedings.

11

Defendants, however, assert "Farm-Wey's failure to timely file its complaint in intervention and claim does adversely impact the other claimants, by diluting the PACA Trust Assets to which the claimants who timely filed their claims would otherwise be entitled." (Doc. No. 94 at 6.) The Court rejects this argument. As Farm-Wey correctly notes, none of the other PACA claimants opposed Farm-Wey's motion. Moreover, "[t]he only prejudice relevant to the timeliness determination is incremental prejudice from a would-be intervenor's delay in intervening, not prejudice from the intervention in and of itself." *Davis,* 560 Fed. Appx. at 493. Thus, the Court finds Defendants' argument without merit. The fourth factor weighs in favor of finding Farm-Wey's motion "timely."

As for the fifth factor, the parties do not identify any "unusual circumstances militating for or against intervention." Thus, the Court need not discuss this factor.

Accordingly, and upon careful consideration of the factors set forth above, the Court finds Farm-Wey's Motion to Intervene is "timely" for purposes of Rule 24(a). The Court, therefore, turns its attention to the remaining factors under Rule 24(a); i.e., whether the applicant has a substantial legal interest in the case; whether the applicant's ability to protect that interest will be impaired in the absence of intervention; and whether the existing parties will adequately represent the applicant's interest. *See Blount-Hill*, 636 F.3d at 283; *Atlas Noble,LLC*, 692 Fed. Appx. at 268.

### B.     Substantial Legal Interest in the Case

Proposed intervenors must show they have a substantial interest in the subject matter of litigation. *See Jansen v. Youngblood*, 904 F.2d 336, 341 (6th Cir. 1990). The Sixth Circuit has explained it subscribes to a "rather expansive notion of the interest sufficient to invoke

12

intervention of right." *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997). *See also Grutter,* 188 F.3d at 398; *Davis*, 560 Fed. Appx. at 495. "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id*.

Farm-Wey clearly has a "substantial interest" in the subject matter of the instant lawsuit. As noted *supra*, Farm-Wey alleges it holds a PACA license and sold perishable agricultural commodities to Defendant Forest-City, for which it has not been paid. (Doc. No. 93-11.) Farm-Wey further alleges it preserved its PACA trust interest against Defendant Forest-City and states "the current and total amount past due and unpaid from [Forest-City] totals $45,096.96, of which $45,096.96 qualifies for PACA trust protection." (*Id.*) Based on these allegations, as well as the supporting documentation attached to the proposed PACA Proof of Claim, the Court finds Farm-Wey has demonstrated it has a substantial legal interest in this action.

### C. Impairment of the Applicant's Ability to Protect Its Interest in the Absence of Intervention

"To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Grutter*, 188 F.3d at 399 (citations omitted). *See also Davis*, 560 Fed. Appx. at 495; *EMW Women's Surgical Center, P.S.C. v. Glisson*, 2017 WL 2726702 at * 6 (W.D. Ky. June 23, 2017).

The Court finds Farm-Wey has met its burden of demonstrating its ability to protect its substantial interest in the subject matter of this lawsuit will be impaired in the absence of intervention. The Agreed Order expressly provides as follows:

This Court shall exercise exclusive jurisdiction over the PACA Trust Assets. As

> such, all persons or entities having unsatisfied claims against the Defendants arising under or relating to PACA for unpaid deliveries of Produce to the Company shall have the right to seek a recovery against the PACA Trust Assets in this action only, and only through the procedures established herein.

(Doc. No. 22 at ¶ 3.) Thus, as Farm-Wey correctly notes, if the Court denies Farm-Wey's motion to intervene, it will not be able to pursue and perfect its rights under PACA. Accordingly, the Court finds Farm-Wey has satisfied its burden of demonstrating an impairment of its ability to protect its interests in the absence of intervention.

### D. Inadequate Representation of that Interest by Parties Already Before the Court

A proposed intervenor's burden in showing inadequate representation by the parties already before the Court is "minimal." *Davis*, 560 Fed. Appx. at 495 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *Linton ex rel. Arnold v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir.1992)). "The proposed intervenor need show only that there is a *potential* for inadequate representation." *Grutter*, 188 F.3d at 400 (emphasis in original). "If the interest of the absent party is not represented at all, or if all existing parties are adverse to the absent party, then she or he is not adequately represented." *Grubbs*, 870 F.2d at 347. "An interest that is not represented at all is surely not adequately represented, and intervention in that case must be allowed." *Id.*

The Court finds Farm-Wey has demonstrated its interests will not be adequately represented by the parties already before the Court. As noted above, Farm-Wey will not be able to pursue and perfect its PACA claims against Defendant Forest-City unless it is permitted to intervene in this action. Thus, it is evident Farm-Wey's interests would not be adequately represented by parties already before the Court. Moreover, the Agreed Order provides for *pro*

*rata* distribution of the PACA Trust Assets in the event the Fund is not sufficient to fully satisfy the claims of all Qualified PACA Trust Beneficiaries. (Doc. No. 22 at ¶ 33, 35.) Under these circumstances, which appear to be likely in the present case, Farm-Wey asserts (and Defendants do not contest) that Plaintiffs and Farm-Wey would have adverse interests.

Accordingly, and for all the reasons set forth above, the Court finds Farm-Wey has satisfied this factor.

### III. Conclusion

For all the reasons set forth above, the Court finds Farm-Wey has satisfied the requirements for intervention of right under Fed. R. Civ. P. 24(a). Farm-Wey's Motion for Leave to Intervene and File PACA Claim Out of Time (Doc. No. 93) is, therefore, GRANTED.

Farm-Wey is directed to file its Complaint in Intervention and PACA Proof of Claim by no later than Friday, December 15, 2017. The deadline for filing Objections, if any, to Farm-Wey's Proof of Claim is Friday, December 29, 2017. Farm-Wey's response to Objections is due no later than January 5, 2018.

In light of the above, the deadline to file and serve the PACA Trust Chart is extended to January 19, 2018. Objections to the PACA Trust Chart are due by no later than February 2, 2018.

**IT IS SO ORDERED**

   *s/Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: December 13, 2017